ERIC BEANE (SBN 186029)
JD HARRIMAN (SBN 117175)
FOUNDATION LAW GROUP LLP
445 South Figueroa Street
Suite 3100
Los Angeles, CA 90017
Tel. 424.236.3911
Email: eric.beane@foundationlaw.com
Attorneys for Plaintiff Airplane Pockets, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AIRPLANE POCKETS LLC, a California limited liability company,<br><br>       Plaintiff,<br><br>   v.<br><br>JACK DANIELS, an individual; CAL WEST HOLDINGS, INC., a California corporation; and DOES 1-10,<br><br>       Defendants. | Case No. 2:22-cv-00062<br><br><br>**COMPLAINT FOR**<br><br>**(1) PATENT INFRINGEMENT**<br>**(2) TRADEMARK INFRINGEMENT**<br>**(3) FALSE DESIGNATION OF ORIGIN**<br>**(4) CYBERPIRACY**<br>**(5) BREACH OF FIDUCIARY DUTY**<br>**(6) CONVERSION**<br>**(7) ACCOUNTING**<br>**(8) VIOLATION OF PENAL C § 502**<br>**(9) VIOLATION OF B&PC § 17200**<br>**(10) VIOLATION OF B&PC § 17500**<br>**(11) EXPULSION OF MEMBER**<br><br>**JURY TRIAL DEMAND** |

Plaintiff Airplane Pockets, Inc. alleges as follows:

## PARTIES

1.    Plaintiff Airplane Pockets LLC ("Airplane Pockets") is a limited

liability company organized and existing under the laws of the State of California,

1  and has a principal place of business in the County of Los Angeles, State of
2  California.

3      2.      Defendant Jack Daniels ("Daniels") is an individual doing business
4  and residing in  the County of Los Angeles, State of California. Daniels is one of
5  the original members of Airplane Pockets.

6      3.      Defendant Cal West Holdings, Inc. ("Cal West") is a corporation
7  organized and existing under the laws of the State of California, and has a principal
8  place of business in the County of Los Angeles, State of California.  In 2021,
9  Daniels was authorized to transfer his membership interest in Airplane Pockets to
10  Cal West, an entity which, on information and belief, is owned and controlled in
11  whole or in part by Daniels.  Neither Daniels nor Cal West has informed Airplane
12  Pockets if the transfer of Daniels' membership interest to Cal West was effected.

13     4.      The true names and capacities, whether individual, corporate,
14  associate, or otherwise, of the Defendants named herein as DOES 1-10, inclusive,
15  are unknown to Plaintiff at this time and therefore said Defendants are sued by such
16  fictitious names. Plaintiff will seek leave to amend this complaint to insert the true
17  names and capacities of said Defendants when the same become known to Plaintiff.
18  Plaintiff is informed and believes, and based thereupon alleges, that each of the
19  fictitiously named Defendants is responsible for the wrongful acts alleged herein
20  and are therefore liable to Plaintiff as alleged hereinafter.

21     5.      Plaintiff is informed and believes, and based thereupon alleges, that at
22  all times relevant hereto, Defendants, and each of them, were the agents,
23  employees, managing agents, supervisors, coconspirators, parent corporation, joint
24  employers, alter egos, successors, and/or joint ventures of the other Defendants, and
25  each of them, and in doing the things alleged herein, were acting at least in part
26  within the course and scope of said agency, employment, conspiracy, joint
27  employer, alter ego status, successor status and/or joint venture and with the
28  permission and consent of each of the other Defendants.

6.      Plaintiff is informed and believes, and based thereupon alleges, that Defendants, and each of them, including those defendants named as DOES 1-10, acted in concert with one another to commit the wrongful acts alleged herein, and aided, abetted, incited, compelled and/or coerced one another in the wrongful acts alleged herein, and/or attempted to do so.  Plaintiff is further informed and believes, and based thereupon alleges, that Defendants, and each of them, including those defendants named as DOES 1-10, and each of them, formed and executed a conspiracy or common plan pursuant to which they would commit the unlawful acts alleged herein, with all such acts alleged herein done as part of and pursuant to said conspiracy, intended to cause and actually causing Plaintiff harm.

7.      Whenever and wherever reference is made in this complaint to any act or failure to act by a Defendant or co-Defendant, such allegations and references shall also be deemed to mean the acts and/or failures to act by each Defendant acting individually, jointly and severally.

## JURISDICTION AND VENUE

8.      The claim for patent infringement arises under the Patent Act, 35 U.S.C. § 101 et seq.  This Court has federal question jurisdiction over the subject matter of the patent infringement claim pursuant to 28 U.S.C. §§ 1331 and 1338 and 35 U.S.C. §281.

9.      The claim(s) for unfair competition, trademark infringement, false designation of origin and/or cyberpiracy, are joined with substantial and related claims under the patent laws. This Court has federal question jurisdiction over the subject matter of the unfair competition claim(s) pursuant to 28 U.S.C. § 1338.

10.     The claims for trademark infringement, false designation of origin and/or cyberpiracy arise under the Lanham Act, 15 U.S.C. § 1125. This Court also has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338 and 15 U.S.C. § 1121.

11.     The Court has subject matter jurisdiction over the other related

COMPLAINT

California state law claims because either they arise under an Act of Congress relating to patents pursuant to 28 U.S.C. § 1338 or the Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

12. This Court has personal jurisdiction over Daniels and Cal West because they have transacted business within this district and, upon information and belief, have caused tortious injury to Airplane Pockets by the acts complained of herein within this district.

13. Venue is proper in this district pursuant to 28 U.S.C. §1400(b) because Daniels and Cal West have committed acts of infringement and other tortious acts and have a regular and established place of business in this district. In addition, venue is proper in this district pursuant to 28 U.S.C. §1400(b) and/or 28 U.S.C. § 1391(b)(1) because Daniels and Cal West reside within the Central District of California as residence is defined in 28 U.S.C. §1391(c). Venue is also proper in this Court pursuant 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, in the Central District of California.

## GENERAL ALLEGATIONS

14. Daniels is one of the founding members of Airplane Pockets, and was and is an officer thereof and on its board of directors and/or managers.

15. On or about June 9, 2015, the United States Patent and Trademark Office duly and legally issued United States Patent No. 9,051,087 (the "Patent") for a sanitary cover which fits over a commercial airplane tray table that allows the traveler to place personal items therein ("Tray Table Cover"). The patent was originally issued in the name of Daniels.

16. Daniels assigned the Patent to Airplane Pockets. Airplane Pockets was and is in the business of exploiting the Patent, including by manufacturing, marketing and selling the Tray Table Cover.

17. To exploit the Patent, Airplane Pockets used and uses the mark

COMPLAINT

"Airplane Pockets" (the "Mark").  The Mark is displayed on the Tray Table Cover and/or its labeling and, without limitation, on promotional materials and other advertising.  Since its date of first use, the Mark has been and still is the subject of substantial and continuous marketing and promotion by Airplane Pockets, which has and continues to widely market and promote its Mark in the industry and to consumers all over California and the United States.  Through such widespread and continuous use of the Mark, Airplane Pockets has acquired extensive goodwill, developed a high degree of distinctiveness, and become known and recognized as identifying its goods and services.  As the only nationwide provider of legitimate goods covered by the relevant patent, Airplane Pockets has the exclusive trademark rights to use the Mark with the selling and promotion of Tray Table Covers.

18.     As a result of Airplane Pockets' investment of time and money into its business, the sales of the Tray Table Cover and exploitation of the Patent and Mark have grown.

19.     Daniels and/or Cal West, however, have become disgruntled with this arrangement, and no longer wish to conform to their obligations to Airplane Pockets or recognize its rights.  In retribution and an attack on Airplane Pockets, Daniels and/or Cal West have acted and are acting outside the ordinary course of Airplane Pockets activities, including by infringing on the Patent and Mark and unfairly competing with Airplane Pockets by unilaterally manufacturing, marketing and/or selling the Airplane Pockets Tray Table Cover for their own personal benefit, refusing to account to Airplane Pockets for sales and profits generated by the Patent  and Mark infringement, otherwise interfering with Airplane Pockets business and misappropriating Airplane Pockets' business and/or other assets, including without limitation by:

(a)     Unilaterally commandeering, changing and misappropriating Airplane Pockets' company owned domain  URL www.airplanepockets.com (the "Domain") without

1  authorization by Airplane Pockets to their sole benefit,

2  including by rerouting all traffic and sales from the

3  misappropriated Domain to funnel Airplane Pockets' business

4  and sales to their own bank accounts;

5  (b)  Revoking permissions to the Amazon sellers' portal so that

6  Airplane Pockets cannot effect, manage and/or monitor sales;

7  (c)  Attempting to move Airplane Pockets' Shopify account to a

8  separate account that Daniels and/or Cal West unilaterally owns

9  and controls and away from Airplane Pockets' control and

10  monitoring;

11  (d)  Unilaterally deactivating the Airplane Pockets email addresses

12  of Airplane Pockets' members, managers and employees to

13  prevent those individuals from conducting business on behalf of

14  Airplane Pockets and to prevent Airplane Pockets from

15  monitoring their unlawful activities;

16  (e)  Secretly opening and/or maintaining personal or otherwise

17  unauthorized bank account(s) to receive payments belonging to

18  Airplane Pockets (the "Secret Accounts"), unilaterally directing

19  Airplane Pockets client(s) to delay paying invoice(s) until the

20  Secret Accounts were opened and unilaterally directing

21  Airplane Pockets client(s) to send payment to the Secret

22  Accounts;

23  (f)  Unilaterally moving funds from Airplane Pockets' account(s) to

24  their own personal account(s) without authorization;

25  (g)  Causing Airplane Pockets to pay purported sales

26  "commissions" to Daniels' family member(s) and/or others on

27  sales which generated no commissions and/or were not earned

28  by and/or owed to them;

|    |    |     |                                                                                 |
|----|----|-----|---------------------------------------------------------------------------------|
| 1  |    | (h) | Unilaterally selling product below cost;                                        |
| 2  |    | (i) | Secretly entering into unauthorized manufacturing deals for                     |
| 3  |    |     | their sole benefit;                                                             |
| 4  |    | (j) | Purporting to license and/or sell the valuable branding of                      |
| 5  |    |     | Airplane Pockets without its authorization or any proper                        |
| 6  |    |     | restrictions or payment to Airplane Pockets;                                    |
| 7  |    | (k) | Falsely telling vendors that one of Airplane Pockets'                           |
| 8  |    |     | managers/members stole from the company and is withholding                      |
| 9  |    |     | inventory from the company; and                                                 |
| 10 |    | (l) | Refusing to provide authorized representatives of Airplane                      |
| 11 |    |     | Pockets with copies of Defendants' contract(s) with Airplane                    |
| 12 |    |     | Pockets clients.                                                                |

20. As a result of the unilaterally and unauthorized acts, and each of them, Daniels and Cal West have severely damaged Airplane Pockets' business and relationships with its customers, manufacturers and vendors.

**FIRST CLAIM FOR RELIEF**

**Patent Infringement Under 35 U.S.C. § 271 - Against All Defendants**

21. Airplane Pockets repeats and realleges the allegations in paragraphs 1 to 20 above as if fully set forth herein.

22. A true and correct copy of the Patent is attached as Exhibit 1.

23. A true and correct copy of the assignment of the Patent to Airplane Pockets is attached as Exhibit 2.

24. Airplane Pockets is the sole owner of right and title to the Patent.

25. The Patent is presumed valid under 35 U.S.C. § 282.

26. Defendants, and each of them, have directly infringed, are directly infringing and will continue to directly infringe, literally or under the doctrine of equivalents, one or more claims of the Patent under 35 U.S.C § 271(a) by making, using, selling, and/or offering for sale the Airplane Pockets Tray Table Cover,

1   which embodies one or more claims of the Patent, for their sole benefit in a
2   competing enterprise without Airplane Pockets' authorization.

3        27.   Defendants, and each of them, have infringed, are infringing, and will
4   continue to infringe, literally and under the doctrine of equivalents, by inducing the
5   infringement of others, including without limitation manufactures and end users, of
6   one or more claims of the Patent under 35 U.S.C § 271(b) by making, using,
7   selling, and/or offering for sale the Airplane Pockets Tray Table Cover, which
8   embodies one or more claims of the Patent, for their sole benefit in a competing
9   enterprise without Airplane Pockets' authorization.

10       28.   Defendants, and each of them, have infringed, are infringing, and will
11  continue to infringe, literally or under the doctrine of equivalents, by contributing to
12  the infringement of others, including without limitation manufacturers and end
13  users, of one or more claims of the Patent under 35 U.S.C § 271(c) by making,
14  using, selling, and/or offering for sale the Airplane Pockets Tray Table Cover,
15  which embodies one or more claims of the Patent, for their sole benefit in a
16  competing enterprise without Airplane Pockets' authorization.

17       29.   Defendants, and each of them, had and have actual knowledge of the
18  Patent and Daniels' assignment thereof to Airplane Pockets.

19       30.   The acts of Defendants, and each of them, which constitute patent
20  infringement are willful.

21       31.   Defendants' patent infringement has caused and is causing irreparable
22  injury to Airplane Pockets and, unless enjoined, will continue to cause irreparable
23  injury.

24       32.   As a result of Defendants' intentional and willful infringement,
25  Airplane Pockets is entitled to an injunction and damages in a sum to be determined
26  in accordance with  35 U.S.C. §§ 271, 281, 283, and 284.

27                    **SECOND CLAIM FOR RELIEF**
28          **Violation of Lanham Act: Federal Trademark Infringement**

-8-
COMPLAINT

1          **- Against All Defendants**

2          33.     Airplane Pockets repeats and realleges the allegations in paragraphs 1

3     to 32 above as if fully set forth herein.

4          34.     Airplane Pockets has established valid and enforceable trademark

5     rights in the Mark, as described above, and is the sole owner of all right and title to

6     the Mark.  Airplane Pockets has extensively and continuously used its Mark in

7     commerce in connection with its Patent and marketing and sales of the Tray Table

8     Cover.

9          35.     As a result of Airplane Pockets' extensive promotion and use of its

10    Mark, the Mark is recognized as distinctive, and is identified by the purchasing

11    public with Airplane Pockets.

12         36.      Notwithstanding Airplane Pockets' preexisting, valid and enforceable

13    rights in its Mark, Defendants, and each of them, have intentionally used the Mark

14    without Airplaine Pocket's authorization and have directly infringed, are directly

15    infringing and will continue to directly infringe on the Mark by making, selling,

16    offering for sale and/or distributing the Tray Table Cover with the Mark displayed

17    thereon and/or in or on its labeling, promotional materials and other advertising, for

18    their sole benefit in a competing enterprise.

19         37.     Defendants' use, and continuous use, in commerce of Airplane

20    Pockets' Mark in connection with their unauthorized sales and/or advertising

21    violates Airplane Pockets' common law trademark rights in that it is a counterfeit

22    mark as defined in 15 U.S.C. § 1117 and/or creates a false association between

23    Airplane Pockets' products and/or services and Defendants' renegade and

24    unauthorized products and/or services. In this manner, consumers are highly likely

25    to be confused and mistakenly believe that Defendants' and their products and/or

26    services are endorsed, approved, or sponsored by, or affiliated, connected, or

27    associated with, Airplane Pockets.

28         38.     Defendants, and each of them, committed the acts alleged above with

1    knowledge of Airplane Pockets' prior rights to, and use of, the Mark, with the
2    intent to trade on Airplane Pockets' Mark.

3        39.    As a direct and proximate result of the conduct of Defendants, and
4    each of them, Airplane Pockets is entitled to recover its actual damages, including
5    without limitation as a result of lost sales, lost profits, and efforts necessary to
6    minimize and/or prevent customer and other confusion.

7        40.    Airplane Pockets is further entitled to disgorge Defendants' profits,
8    gains and advantages and is entitled to interest and to its attorney fees and costs
9    incurred in bringing this action, all in an amount to be proven at the time of trial.

10       41.    Defendants' willful and intentional actions have caused and are
11   causing irreparable injury to Airplane Pockets and, unless enjoined, will continue to
12   cause irreparable injury and damage to its business, reputation and goodwill.

13       42.    Defendants engaged in the foregoing conduct with oppression, fraud
14   and/or malice, and acted wantonly, willfully and with reckless disregard of the
15   rights of Airplane Pockets, thereby entitling Airplane Pockets to an award of
16   exemplary damages in an amount to be determined at trial.

17                          **THIRD CLAIM FOR RELIEF**
18          **Violation of  Lanham Act: False Designation of Origin**
19                          **– Against All Defendants**

20       43.    Airplane Pockets repeats and realleges the allegations in paragraphs 1
21   to 42 above as if fully set forth herein.

22       44.    Airplane Pockets is informed and believes that, in violation of Section
23   43(a) of the Lanham Act, 15 U.S.C. § 1125(a), Defendants, and each of them, are
24   making, using, selling, and/or offering for sale the Tray Table Cover  in a manner
25   which falsely conveys to consumers and the public that Airplane Pockets is the
26   seller, when in fact Defendants, and each of them, are acting for their sole benefit in
27   a competing enterprise without Airplane Pockets' authorization.  In so doing,
28   Airplane Pockets is informed and believes that Defendants, and each of them, have

1   used and are continuing to use in commerce word(s), term(s), name(s), symbol(s),

2   or device(s), or any combination thereof, and/or false designation(s) of origin, false

3   or misleading description(s) of fact, and/or false or misleading representation(s) of

4   fact, which

5                    (a)     are likely to cause confusion or mistake, or to deceive as to (i)

6                                   the affiliation, connection, or association of Defendants with

7                                   Airplane Pockets, or (ii) the origin, sponsorship, or approval of

8                                   Defendants' goods, services, or commercial activities by

9                                   Airplane Pockets, or

10                   (b)     in commercial advertising or promotion, misrepresents the

11                                   nature, characteristics, qualities, or geographic origin of

12                                   Defendants' goods, services, or commercial activities.

13       45.     Said use will confuse and deceive the public into thinking that the

14   goods sold and services provided by Defendants, and each of them, are Airplane

15   Pockets' goods and services, or that there is some lawful connection or affiliation

16   between Airplane Pockets and Defendants' renegade acts.

17       46.     Defendants, and each of them, knew or should have known that their

18   statements were false or likely to mislead.

19       47.     Defendants' acts have injured or are likely to injure Airplane Pockets'

20   image, trade name, business reputation and good will within and among its

21   customers, vendors, manufacturers and the business community in this judicial

22   district and elsewhere in the world by creating confusion about and/or

23   dissatisfaction with Airplane Pockets' actual goods and services, a diminution of

24   the value of the goodwill associated with Airplane Pockets' business and a loss of

25   its business relationships.

26       48.     Defendants' acts were a knowing, deliberate, intentional and willful

27   attempt to injure Airplane Pockets' business, to trade on Airplane Pockets' prior

28   success, reputation and business relationships, and to confuse, deceive and/or

1  interfere with Airplane Pockets' customers and other business relationships.

2     49.    As an actual and proximate result of Defendants' willful and

3  intentional actions, Airplane Pockets has suffered damages in an amount to be

4  determined at trial, including without limitation as a result of lost sales, lost profits,

5  and efforts necessary to minimize and/or prevent customer and other confusion.

6     50.    Airplane Pockets is further entitled to disgorge Defendants' profits,

7  gains and advantages and is entitled to interest and to its attorney fees and costs

8  incurred in bringing this action, all in an amount to be proven at the time of trial.

9     51.    Defendants' willful and intentional actions have caused are causing

10  irreparable injury to Airplane Pockets and, unless enjoined, will continue to cause

11  irreparable injury and damage to its business, reputation and goodwill.

12     52. Defendants engaged in the foregoing conduct with oppression, fraud

13  and/or malice, and acted wantonly, willfully and with reckless disregard of the

14  rights of Airplane Pockets, thereby entitling Airplane Pockets to an award of

15  exemplary damages in an amount to be determined at trial.

16                **FOURTH CLAIM FOR RELIEF**

17  **Violation of 15 U.S.C. § 1125(d) of the Lanham Act – Against All Defendants**

18     53.    Airplane Pockets repeats and realleges the allegations in paragraphs 1

19  to 52 above as if fully set forth herein.

20     54.    In violation of the "cyberpiracy prevention" law of Section 43(d) of

21  the Lanham Act, 15 U.S.C. § 1125(d), Defendants, and each of them, with a bad

22  faith intent to profit from Airplane Pockets' Mark, have trafficked in or used a

23  domain name, including without limitation https://airplanepockets.com, which is

24  the same as or similar to Defendants' distinctive and/or famous Mark for their sole

25  benefit in a competing enterprise that is identical, confusingly similar to and/or

26  dilutive of Airplane Pockets' domain and Mark without Airplane Pockets'

27  authorization.

28     55.    As an actual and proximate result of Defendants' willful and

-12-
COMPLAINT

1    intentional actions, Airplane Pockets has suffered damages in an amount to be

2    determined at trial, including without limitation as a result of lost sales, lost profits,

3    and efforts necessary to minimize and/or prevent customer and other confusion.

4        56.    Airplane Pockets is further entitled to disgorge Defendants' profits,

5    and is entitled to interest and to its attorney fees and costs incurred in bringing this

6    action, all in an amount to be proven at the time of trial.

7        57.    Defendants' willful and intentional actions have caused are causing

8    irreparable injury to Airplane Pockets and, unless enjoined, will continue to cause

9    irreparable injury and damage to its business, reputation and goodwill.

10       58.    Defendants engaged in the foregoing conduct with oppression, fraud

11   and/or malice, and acted wantonly, willfully and with reckless disregard of the

12   rights of Airplane Pockets, thereby entitling Airplane Pockets to an award of

13   exemplary damages in an amount to be determined at trial.

14                          **FIFTH CLAIM FOR RELIEF**

15      **Breach of Fiduciary and Other Duties – Against All Defendants)**

16       59.    Airplane Pockets repeats and realleges the allegations in paragraphs 1

17   to 58 above as if fully set forth herein.

18       60.    As an officer and board member of Airplane Pockets, Daniels owed

19   and owes fiduciary duties to Airplane Pockets, including, but not limited to, the

20   duties of loyalty, care and good faith and fair dealing pursuant to California

21   Corporations Code §§ 17704.09(b), 17704.09(c), 17704.09(d) and 17704.09(f)(1).

22       61.    As a member of Airplane Pockets, Daniels and/or Cal West owed and

23   owes duties to Airplane Pockets, including, but not limited to, the duty of good

24   faith and fair dealing pursuant to California Corporations Code §§ 17704.09(d) and

25   17704.09(f)(2).

26       62.    Daniels and/or Cal West also owed and owe continuing duties,

27   including fiduciary duties, by virtue of the trust and confidence previously reposed

28   in him or them by Airplane Pockets, including without limitation through Daniels'

1    assignment of the Patent to Airplane Pockets and Airplane Pockets' reasonable
2    reliance thereon to manufacture, market and sell the Tray Table Cover and build its
3    business thereon without unfair competition by Daniels.

4         63.    Defendants, and each of them, breached their fiduciary duties to
5    Airplane Pockets by, without any authorization by, among other things, improperly
6    acting for their sole benefit in a competing enterprise without Airplane Pockets'
7    authorization and misappropriating Airplane Pockets' customers, funds, accounts
8    and other assets, as alleged above.

9         64.    As a direct result of Defendants' conflict of interest, disloyalty and
10   dishonest acts, Defendants' breaches of fiduciary duty have proximately caused
11   damage to Airplane Pockets in an amount to be proven at trial.

12        65.    Defendants engaged in the foregoing conduct with oppression, fraud
13   and/or malice, and acted wantonly, willfully and with reckless disregard of the
14   rights of Airplane Pockets, thereby entitling Airplane Pockets to an award of
15   exemplary damages in an amount to be determined at trial.

16                         **SIXTH CLAIM FOR RELIEF**
17                      **Conversion - Against All Defendants**

18        66.    Airplane Pockets repeats and realleges the allegations in paragraphs 1
19   to 65 above as if fully set forth herein.

20        67.    At all times relevant herein, Airplane Pockets owned, possessed,
21   and/or had a right to possess, and still owns and/or has the right to possess any and
22   all of its tangible and intangible property which it generated in house from its
23   exploitation of the patent, including without limitations moneys in Airplane
24   Pockets' bank accounts, the Tray Table Covers which Airplane Pockets
25   manufactured and paid for and the sales proceeds generated from Airplane Pockets'
26   contracts with and sales directly to its customers.

27        68.    Defendants, and each of them, intentionally, wrongfully and
28   substantially converted this property for their own use and for their personal benefit

1   and gain as alleged above, including without limitation by taking possession of

2   Airplane Pockets' funds on account, Airplane Pockets' existing inventory of Tray

3   Table Covers and/or intercepting the sales proceeds from Airplane Pockets' prior

4   sales of Tray Table Covers and otherwise preventing Plaintiff from having access to

5   the same.

6       69.    Airplane Pockets has demanded the immediate return of the above-

7   mentioned property but Defendants failed and refused, and continue to fail and

8   refuse, to return the property to Airplane Pockets.

9       70.    As a proximate result of these conversions, Airplane Pockets has been

10   damaged in an amount to be proven at trial.

11       71.    Defendants engaged in the foregoing conduct with oppression, fraud

12   and/or malice, and acted wantonly, willfully and with reckless disregard of the

13   rights of Airplane Pockets, thereby entitling Airplane Pockets to an award of

14   exemplary damages in an amount to be determined at trial.

15   **SEVENTH CLAIM FOR RELIEF**

16   **Accounting - Against All Defendants**

17       72.    Airplane Pockets repeats and realleges the allegations in paragraphs 1

18   to 71 above as if fully set forth herein.

19       73.    As described above, Defendants, and each of them, have received

20   monies belonging to Airplane Pockets, including without limitation for the sales of

21   Airplane Pockets' existing inventory of Tray Table Covers. Airplane Pockets is

22   further unaware of the exact amounts owed to it as a result of Defendants' breach of

23   fiduciary duties and/or conversions as alleged above.

24       74.    Defendants, and each of them, owed and owe a duty to account in

25   detail to Airplane Pockets the specifics of these transactions and to hold this money,

26   real property, personal property, and other items of value in trust for Airplane

27   Pockets.

28       75.    Plaintiffs have demanded a fair and accurate accounting, but

1   Defendants, and each of them, have failed and refused, and continue to fail and

2   refuse, to provide any accounting of monies belonging to Airplane Pockets,

3   including without limitation for the sales of Airplane Pockets' existing inventory of

4   Tray Table Covers. The amount of money and/or other items of value received by

5   Defendants is unknown to Airplane Pockets and cannot be ascertained without

6   Defendants' accounting thereof.

7   **EIGHTH CLAIM FOR RELIEF**

8   **Violation of California Penal Code § 502 - Against All Defendants**

9   76.    Airplane Pockets repeats and realleges the allegations in paragraphs 1

10  to 75 above as if fully set forth herein.

11  77.    Defendants, and each of them, have engaged in tampering,

12  interference, damage, and/or unauthorized access to lawfully created computer data

13  and computer systems within the meaning of California's Penal Code § 502,

14  including without limitation by:

15          (a)    *Penal Code § 502(c)(1)*: Knowingly accessing and without

16                 permission altering or otherwise using Airplane Pocket's data,

17                 computer, computer system, and/or computer network to (i)

18                 wrongfully control or obtain Airplane Pocket's money,

19                 property, and/or data, such as by causing Airplane Pocket's

20                 funds to be transferred to their Secret Accounts and/or

21                 misappropriating Airplane Pocket's customer information for a

22                 competing enterprise and/or (ii) devise or execute a scheme or

23                 artifice to deceive Airplane Pockets;

24          (b)    *Penal Code § 502(c)(2)*: Knowingly accessing and without

25                 permission taking, copying, and/or making use of data from

26                 Airplane Pockets' computer, computer system, or computer

27                 network, such as by causing Airplane Pocket's funds to be

28                 transferred to their Secret Accounts and/or misappropriating

Airplane Pocket's customer information for a competing

enterprise;

(c) *Penal Code § 502(c)(4)*:  Knowingly accessing and without

permission altering data, computer software, or computer

programs, without limitation by (i) unilaterally deactivating the

Airplane Pockets email addresses of Airplane Pockets'

members, managers and employees to prevent those individuals

from conducting business on behalf of Airplane Pockets and to

prevent Airplane Pockets from monitoring their unlawful

activities; (ii) changing and/or misappropriating Airplane

Pockets' company owned domain to their sole benefit; (iii)

building "permissions" to funnel Airplane Pockets' business

and sales to their new domain; (iv) revoking permissions to the

Amazon sellers' portal so that Airplane Pockets cannot effect,

manage and/or monitor sales; and/or (v) attempting to move

Airplane Pockets' Shopify account to a separate account that

Daniels and/or Cal West unilaterally owns and controls and

away from Airplane Pockets' control and monitoring; and

(d) *Penal Code § 502(c)(5)*:  Knowingly and without permission

disrupting or causing the disruption of computer services or

denying or causing the denial of computer services to an

Airplane Pockets' authorized user(s) of its computer, computer

system, or computer network, without limitation by (i)

unilaterally deactivating the Airplane Pockets email addresses

of Airplane Pockets' members, managers and employees to

prevent those individuals from conducting business on behalf of

Airplane Pockets and to prevent Airplane Pockets from

monitoring their unlawful activities; (ii) changing and/or

-17-
COMPLAINT

1    misappropriating Airplane Pockets' company owned domain to
2    their sole benefit; (iii) building "permissions" to funnel
3    Airplane Pockets' business and sales to their new domain; (iv)
4    revoking permissions to the Amazon sellers' portal so that
5    Airplane Pockets cannot effect, manage and/or monitor sales;
6    and/or (v) attempting to move Airplane Pockets' Shopify
7    account to a separate account that Daniels and/or Cal West
8    unilaterally owns and controls and away from Airplane
9    Pockets' control and monitoring.

10   78.    These acts constitute one or more felonies under Penal Code § 502.

11   79.    In doing these act(s), Defendants, and each of them, caused injury to
12   Airplane Pockets as defined in Penal Code § 502 by, without limitation, the
13   alteration and/or deletion of Airplane Pockets' computer system, computer network,
14   computer program, and/or or data, and by the denial of access to legitimate users of
15   Airplane Pockets' computer system, network, or program.

16   80.    Pursuant to Penal Code § 502, Airplane Pockets is entitled to
17   compensatory damages, including any expenditures to verify that its computer
18   system, computer network, computer program, or data was or was not altered,
19   damaged, or deleted by the access and its reasonable attorney fees.

20   81.    Defendants engaged in the foregoing conduct with oppression, fraud
21   and/or malice, and acted wantonly, willfully and with reckless disregard of the
22   rights of Airplane Pockets, thereby entitling Airplane Pockets to an award of
23   exemplary damages in an amount to be determined at trial.

24   **NINTH CLAIM FOR RELIEF**

25   **Violation of California Business and Professions Code**

26   **§ 17200 et seq. - Against All Defendants**

27   82.    Airplane Pockets repeats and realleges the allegations in paragraphs 1
28   to 81 above as if fully set forth herein.

83.     Defendants, and each of them, have engaged in unfair competition within the meaning of California's Business and Professions Code § 17200, because, the conduct alleged above constitutes:

(a)     *Unlawful Business Act(s) or Practice(s)*: Among other violations, Defendants have engaged in unlawful competitive practices which violate 15 U.S.C. §§ 1125(a) and 1125(d) and engaged in tampering, interference, damage, and/or unauthorized access to lawfully created computer data and computer systems which violate Penal Code § 502;

(b)     *Unfair Business Act(s) or Practice(s)*:  Defendants' acts alleged above are unfair under any test of unfairness in that the utility of Defendant's conduct in unfairly competing against Airplane Pockets, including by misappropriating its customers, funds, accounts and other assets, have caused or will cause substantial injury to Airplane Pockets and/or consumers and countervailing benefits to consumers or competition do not outweigh the gravity of said injury; Defendants' conduct otherwise offends public policy as it has been established by statutes, the common law, or otherwise, is immoral, unethical, oppressive, and/or unscrupulous, and/or causes substantial injury to consumers, competitors and/or other businessmen; and/or there is a causal link between Defendants' business practices and a harm to Airplane Pockets and consumers which cannot reasonably be avoided;

(c)     *Fraudulent Business Act(s) or Practice(s)*:  As a result of Defendants falsely conveying to consumers and the public that Airplane Pockets is the seller, when in fact Defendants, and each of them, are acting for their sole benefit in a competing

-19-
COMPLAINT

enterprise without Airplane Pockets' authorization, ordinary consumers acting reasonably under the circumstances are likely to be deceived as to the true source of the product;

(d) *Unfair, Deceptive, Untrue, or Misleading Advertising*: As a result of Defendants falsely conveying to consumers and the public that Airplane Pockets is the seller, when in fact Defendants, and each of them, are acting for their sole benefit in a competing enterprise without Airplane Pockets' authorization, ordinary consumers acting reasonably under the circumstances are likely to be deceived about the true source of the product; and

(e) *Acts Prohibited by Sections 17500-17577.5*:  Defendant have violated California's Business and Professions Code § 17500, *et seq.* as alleged in more detail in the Seventh Claim below and incorporated herein by this reference.

84.    As a result of Defendants' acts of unfair competition, Airplane Pockets has suffered injury in fact and lost money or property.

85.    Pursuant to California's Business and Professions Code §§ 17203 and 17206, Airplane Pockets is entitled to injunctive relief, restitution and disgorgement of Defendants' profits obtained through its unfair competitive practices and civil penalties to the maximum extent permitted by law.

## TENTH CLAIM FOR RELIEF

### Violation of California Business and Professions Code

### § 17500 et seq - Against All Defendants

86.    Airplane Pockets repeats and realleges the allegations in paragraphs 1 to 85 above as if fully set forth herein.

87.    Defendants, and each of them, have violated California's Business and Professions Code § 17500, *et seq.*, because, Defendants, with intent directly or

-20-
COMPLAINT

1   indirectly to dispose of property or perform services, have made or disseminated or

2   caused to be made or disseminated before the public in California and other state,

3   through publication and/or advertising, including over the internet, statements

4   concerning Defendants' property or services which are untrue or misleading,

5   including by purporting to sell and/or offer for sale the Tray Table Cover in a

6   manner which falsely conveys to consumers and the public that Airplane Pockets is

7   the seller, when in fact Defendants, and each of them, are acting for their sole

8   benefit in a competing enterprise without Airplane Pockets' authorization.

9        88.    Defendants knew or should have known these statements were untrue

10   or misleading, and these statements are in fact likely to mislead consumers.

11       89.    As a direct and proximate result of Defendants' misleading and false

12   advertisements, Airplane Pockets has suffered injury in fact and lost money.

13       90.    Pursuant to California's Business and Professions Code §§ 17535 and

14   17536, Airplane Pockets is entitled to injunctive relief, restitution and disgorgement

15   of Defendants' profits obtained through its unfair competitive practices, and civil

16   penalties to the maximum extent permitted by law.

17                          **ELEVENTH CLAIM FOR RELIEF**

18              **Violation of California Business and Professions Code**

19                **Expulsion of Member - Against All Defendants**

20       91.    Airplane Pockets repeats and realleges the allegations in paragraphs 1

21   to 90 above as if fully set forth herein.

22       92.    Pursuant to California Corporations Code § 17706.02(e), Airplane

23   Pockets applies to expel Daniels and/or Cal West (to the extent either or both hold a

24   member interest) as a member by judicial order because they have through the acts

25   complained of above:

26              (a)    Engaged, or are engaging, in wrongful conduct that has

27                     adversely and materially affected, or will adversely and

28                     materially affect, Airplane Pockets' activities;

-21-
COMPLAINT

(b) Willfully or persistently committed, or are willfully and persistently committing, a material breach of their duties or obligations under Section 17704.09; and/or

(c) Engaged, or are engaging, in conduct relating to the Airplane Pockets' activities that makes it not reasonably practicable to carry on the activities with the person as a member.

## PRAYER FOR RELIEF

WHEREFORE, Airplane Pockets demands judgment in its favor on its Complaint and requests the following relief:

### *On the First Claim for Patent Infringement*

1. A judgment that Defendants, and each of them, have infringed and/or are infringing one or more claims of the Patent under 35 U.S.C. § 271;

2. A preliminary and/or permanent injunction against Defendants, and each of them, prohibiting them, and their respective affiliates, employees, agents, officers, directors, attorneys, successors, and assigns and all those acting on behalf of or in active concert or participation with any of them, from directly or indirectly infringing the Patent or inducing or contributing to the infringement by others of the Patent, in accordance with 35 U.S.C. § 283;

3. An award of damages adequate to compensate for the infringing acts, including at a minimum a reasonable royalty, in accordance with 35 U.S.C. § 284, in an amount of at least $1 million;

4. In view of Defendants' willful infringement, an increase of Airplane Pockets' damages award up to three times in accordance with 35 U.S.C. § 284;

5. An award of interest and costs pursuant to 35 U.S.C. § 284;

6. A declaration that this case is exceptional under 35 U.S.C. § 285 and an award to Airplane Pockets of its attorney fees, expenses and costs incurred in this action; and

7.      Such other relief as this Court deems just and proper.

***On the Second , Third and Fourth Claims for Lanham Act Violations***

1.      A judgment that Defendants have violated 15 U.S.C. §§ 1125(a) and/or 1125(d);

2.      A preliminary and/or permanent injunction against Defendants, and each of them, prohibiting them, and their respective affiliates, employees, agents, officers, directors, attorneys, successors, and assigns and all those acting on behalf of or in active concert or participation with any of them, from directly or indirectly violating 15 U.S.C. §§ 1125(a) and/or 1125(d), in accordance with 15 U.S.C. §§ 1116;

3.      An award of damages adequate to compensate for Defendants' unlawful acts and/or an award of restitution or disgorgement, without limitation in accordance with 15 U.S. Code § 1117(a), in an amount of at least $1 million;

4.      In view of Defendants' intentional violations and/or use of a counterfeit mark, treble damages of the amounts awarded under 15 U.S. Code § 1117(a) in accordance with 15 U.S. Code § 1117(b);

5.      Statutory damages for the use of a counterfeit mark in accordance with 15 U.S. Code § 1117(c), in an amount of at least $1 million;

6.      All statutory damages permitted by law, without limitation in accordance with 15 U.S. Code §§ 1118(c) and/or 1117(d), in an amount of at least $1 million;

7.      A judgment ordering Defendants, and each of them, to deliver up to Airplane Pockets all labels, signs, prints, packages, wrappers, websites, social media accounts and any and all other personal property, both tangible and intangible, in accordance with 15 U.S.C. § 1118;

8.      A judgment ordering the forfeiture or cancellation of all domain name(s) or the transfer of all domain name(s) to Airplane Pockets pursuant to 15 U.S.C. § 1125(d);

COMPLAINT

9.      A declaration that this case is exceptional under 15 U.S.C. § 1117 and an award to Airplane Pockets of its attorney fees incurred in this action;

10.     Punitive damages according to proof in an amount of at least $2 million;

11.     An award of interest and costs; and

12.     Such other relief as this Court deems just and proper.

**On the Fifth Claim for Breach of Fiduciary Duty**

1.      An award of damages adequate to compensate for Defendants' unlawful acts and/or an award of restitution or disgorgement  in an amount of at least $1 million;

2.      A preliminary and/or permanent injunction against Defendants, and each of them, prohibiting them, and their respective affiliates, employees, agents, officers, directors, attorneys, successors, and assigns and all those acting on behalf of or in active concert or participation with any of them, from directly or indirectly violating their fiduciary duties as alleged above;

3.      Punitive damages according to proof in an amount of at least $2 million;

4.      Attorney fees as permitted by statute, contract and/or other law;

5.      Prejudgment interest as allowed by law; and

6.      Such other relief as this Court deems just and proper.

**On the Sixth Claim for Conversion**

1.      An award of damages adequate to compensate for Defendants' unlawful acts and/or an award of restitution or disgorgement  in an amount of at least $1 million;

2.      A preliminary and/or permanent injunction against Defendants, and each of them, prohibiting them, and their respective affiliates, employees, agents, officers, directors, attorneys, successors, and assigns and all those acting on behalf of or in active concert or participation with any of them, from directly or indirectly

converting Airplane Pockets' monies and/or other property;

3.     Punitive damages according to proof in an amount of at least $2 million;

4.     Attorney fees as permitted by statute, contract and/or other law;

5.     Prejudgment interest as allowed by law; and

6.     Such other relief as this Court deems just and proper.

### On the Seventh Claim for Accounting

1.     An accounting from Defendants of all money, property, and other items of value received by Defendants which belong to Airplane Pockets, and an award of all amounts due and owing, in an amount of at least $1 million;

2.     Attorney fees as permitted by statute, contract and/or other law;

3.     Prejudgment interest as allowed by law; and

4.     Such other relief as this Court deems just and proper.

### On the Eigth Claim for Violation of Penal Code § 520

1.     A preliminary and/or permanent injunction against Defendants, and each of them, prohibiting them, and their respective affiliates, employees, agents, officers, directors, attorneys, successors, and assigns and all those acting on behalf of or in active concert or participation with any of them, from directly or indirectly violating Penal Code § 520;

2.     Pursuant to California's Penal Code § 520, a judgment for compensatory damages, including any expenditures to verify that its computer system, computer network, computer program, or data was or was not altered, damaged, or deleted by the access, in an amount of at least $1 million;

3.     Attorney fees as permitted by statute, contract and/or other law;

4.     Punitive damages according to proof in an amount of at least $2 million;

5.     Prejudgment interest as allowed by law; and

6.     Such other relief as this Court deems just and proper.

*On the Ninth Claim for Violation of B&P Code § 17200*

7.      Pursuant to California's Business and Professions Code § 17203, a preliminary and/or permanent injunction against Defendants, and each of them, prohibiting them, and their respective affiliates, employees, agents, officers, directors, attorneys, successors, and assigns and all those acting on behalf of or in active concert or participation with any of them, from directly or indirectly violating Business and Professions Code § 17200, *et seq.*;

8.      Pursuant to California's Business and Professions Code § 17203, a judgment of restitution and/or disgorgement of Defendants' profits obtained through its unfair competitive practices, in an amount of at least $1 million;

9.      Pursuant to California's Business and Professions Code § 17206, civil penalties to the maximum extent permitted by law;

10.     Attorney fees as permitted by statute, contract and/or other law;

11.     Punitive damages according to proof in an amount of at least $2 million;

12.     Prejudgment interest as allowed by law; and

13.     Such other relief as this Court deems just and proper.

*On the Tenth Claim for Violation of B&P Code § 17500*

1.      Pursuant to California's Business and Professions Code § 17535, a preliminary and/or permanent injunction against Defendants, and each of them, prohibiting them, and their respective affiliates, employees, agents, officers, directors, attorneys, successors, and assigns and all those acting on behalf of or in active concert or participation with any of them, from directly or indirectly violating Business and Professions Code § 17500, *et seq.*;

2.      Pursuant to California's Business and Professions Code § 17535, a judgment of restitution and/or disgorgement of Defendants' profits obtained through its unfair competitive practices, in an amount of at least $1 million;

3.      Pursuant to California's Business and Professions Code § 17536, civil

1    penalties to the maximum extent permitted by law, in an amount of at least $1

2    million;

3            4.      Attorney fees as permitted by statute, contract and/or other law;

4            5.      Punitive damages according to proof in an amount of at least $2

5    million;

6            6.      Prejudgment interest as allowed by law; and

7            7.      Such other relief as this Court deems just and proper.

8            *On the Eleventh Claim to Expel Member*

9            1.      Pursuant to California Corporations Code § 17706.02(e), a judgment

10   expelling Daniels and/or Cal West as member(s) of Airplane Pockets;

11           2.      Attorney fees as permitted by statute, contract and/or other law; and

12           3.      Such other relief as this Court deems just and proper.

13           *Demand for a Jury Trial*

14           Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure and/or other

15   applicable law, Airplane Pockets respectfully requests a jury trial of all issues that

16   may be tried to a jury in this action.

17

| DATED: January 5, 2022 | |
|---|---|
| | FOUNDATION LAW GROUP LLP |
| | |
| | /s/ Eric Beane |
| | Attorneys for Defendants |

-27-
COMPLAINT